IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PEGGY HALEY, *et ux.*, :
    Plaintiffs :
: CIVIL NO.: WDQ-09-1338
v. :
:
JACK CORCORAN, *et al.*, :
    Defendants

…o0o…

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the damages sought in the Motion for Judgment by Default Against Defendant Charles Head and Brief in Support that Plaintiffs Peggy and James Haley filed, ECF No. 60. On August 6, 2010, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review Plaintiffs' Motion and to hold an evidentiary hearing, if necessary. ECF No. 61. In a Report and Recommendation issued on October 20, 2010, ECF No. 62, which Judge Quarles adopted on November 15, 2010, ECF No. 63, I concluded that liability has been established as to Counts II (Defendant Head's violation of the Protection of Homeowners in Foreclosure Act ("PHIFA"), Md. Code Ann., Real Prop. §§ 7-301 – 7-325), Count III (Defendant Head's violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 – 13-501), and Count IX (breach of contract), and that a default judgment was proper pursuant to Fed. R. Civ. P. 55(b). However, it was necessary to hold an evidentiary hearing to establish the amount of damages owed. *See U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007).

An evidentiary hearing was held on December 22, 2010, and a transcript of that hearing is incorporated herein by reference. With their Motion for Default Judgment, Plaintiffs had submitted (1) Plaintiffs' Affidavit in Support of Motion for Default of Defendant Charles Head, (2) Addendum #B to Equity Purchase Agreement, (3) HUD 1 form and (4) MDAT Property Description. Pls.'s Mot. Exs. 1, 2, 3, 5, ECF Nos. 60-1 – 60-4. Prior to the hearing, Plaintiffs supplemented the record with (1) receipts showing monthly payments of $2,000 to Nation's Property Management from September 2005 through August 2006, (2) receipts showing monthly payments of $2,000 to Option One Mortgage Company from September 2006 through February 2007, and (3) receipts and bank statements showing monthly payments of $1,200 to Kevin Carlin, Esq. for deposit into escrow from March 2008 through February 2009. Pl.'s Mot. Exs. 6-8, ECF Nos. 66-1 – 66-3. Further, Plaintiffs presented the testimony of Mrs. Haley regarding the payments they made and moving and storage costs they incurred as a result of Defendant Head's statutory violations and breach of contract.

Having received and heard the evidence, I find that, based on the evidence presented to me, Head's statutory violations were both knowing and willful. Further, as a result of Defendant Head's PHIFA and MCPA violations and breach of contract, Plaintiffs Peggy and James Haley have incurred actual economic damages equal to

(1) $99,504.47 from loss of equity in their home, a sum that is equivalent to the proceeds from the sale of their home to Defendant Mattice, *see* Ex. 3;

(2) $55,462.80 from monthly payments they made with the understanding that the money would be applied to their mortgage, comprised of

(a) $26,023.18 paid to Nation's Property Management, *see* Ex. 6;

(b) $13,839.62 paid to Option One Mortgage Company, *see* Ex. 7 & Hr'g Tr.; and

(c) $15,600 paid to Kevin Carlin, Esq., *see* Ex. 8; and

(3) $1,310 from moving and storage costs, see Hr'g Tr.

The total monetary judgment that I recommend is $355,286.21.

In view of my findings and for the reasons previously stated on the record, I hereby recommend:

(1) A judgment of treble damages in favor of Plaintiffs Peggy and James Haley in the sum of $298,513.41 (three times the total of "Finding 1" above), pursuant to Real Prop. § 7-320(c), against Defendant Head;

(2) An additional judgment of damages in favor of Plaintiffs Peggy and James Haley in the sum of $55,462.80 (total of "Finding 2" above) against Defendant Head; and

(3) An additional judgment of damages in favor of Plaintiffs Peggy and James Haley in the sum of $1,310.00 (total of "Finding 3" above) against Defendant Head.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: December 22, 2010                                    /s/
                                                            Paul W. Grimm
                                                            United States Magistrate Judge

lyb